IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| John W. Reber, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-348 |
| ) | |
| Trident Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

## Memorandum Opinion

This matter comes before the Court on several motions: Defendant Trident Systems Inc.'s Motion to Lift Stay (Dkt. No. 36) and Motion for Summary Judgment (Dkt. No. 38) as well as pro se Plaintiff John Reber's Motion to Remand to State Court (Dkt. No. 43) and Motion to Amend the Complaint (Dkt. No. 47). Plaintiff filed a response in opposition to the summary judgment motion, to which Defendant replied. Dkt. Nos. 42, 46. Defendant also filed an opposition to the motion to remand. Dkt. No. 45. The Court heard oral argument on February 27, 2015. For the reasons stated in open court as well as those set forth below, Defendant's motions to lift the stay and for summary judgment will be granted and Plaintiff's motions to remand and to amend the complaint will be denied.

I.  Background

This controversy arises out of a dispute between Plaintiff John Reber and his former employer, Defendant Trident Systems, Inc. ("Trident"). In 2000, Reber began working for Trident, a Virginia corporation that specializes in the development of IT systems and software engineering services for the government as well as private customers. Reber oversaw Trident's United States Army Logistics Support Activity ("LOGSA") work under a major subcontract with

1

Jacobs Technology, Inc. ("Jacobs"). On or about February 26, 2012, Reber's supervisor David Britton reduced Reber's hours to part-time status "[d]ue to delays in LOGSA MultiView funding." Briton Aff. ¶ 12 & Ex. A. Due to Trident's continued lack of work until the LOGSA project renewed its funding, Britton subsequently changed Reber's employment status to When Actually Employed ("WAE"), effective April 2, 2012.

In early June 2012, Jacobs announced that it would again be taking bids for the LOGSA subcontract. Trident began preparing its proposal, which was to list Reber as the project manager. Unbeknownst to Trident, however, Reber had begun to work for a competitor, MTTB LLC, sometime in April 2012. On June 5, 2012, Reber informed Britton that he was "terminating all association with Trident." Reber Compl. ¶ 32; *accord* Britton Aff. ¶ 18. Trident later received a letter from Reber stating that he was resigning effective June 8, 2012—the last day to submit proposals for the Jacobs LOGSA contract. On June 14, 2014, Jacobs awarded MTTB the LOGSA contract. On June 19, 2012, for reasons disputed by the parties, Jacobs rescinded the contract with MTTB and awarded it to the next lowest bidder.

In July 2012, MTTB, Reber's new employer, filed suit against Trident and its employees in the Fairfax County Circuit Court alleging defamation and tortious interference, among other claims. These claims all revolved around the allegedly defamatory statement made by Trident to Jacobs that Reber was "NOT an employee of MTTB, LLC," but rather was an employee of Trident. MTTB Compl. ¶ 26. According to MTTB, as a result of this false statement, Jacobs rescinded the LOGSA contract that had been awarded to MTTB. *Id.* ¶ 33. Nearly identical allegations underlie all of Reber's claims currently before the Court in this action. *Compare id.* ¶¶ 26–28, 33, *with* Reber Compl. ¶ 36, 38, 40.

On March 1, 2013, during the pendency of the Fairfax action brought by MTTB, Reber also filed suit in the Fairfax County Circuit Court against Trident, alleging claims of age discrimination, defamation, tortious interference, and unlawful termination. Two weeks later, Trident removed the action to this Court on the basis of federal question jurisdiction. On April 1, 2013, Trident moved to dismiss the Complaint in its entirety. The Court granted the motion with respect to the unlawful termination claim, but allowed all other claims to proceed to discovery.

On July 24, 2013, following an eight day trial in which both Reber and the Jacobs employee to whom Trident allegedly communicated the defamatory statement testified, the jury returned a defense verdict for Trident on all of MTTB's claims against it. Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s SJ Mot."), Ex. A. With regards to the defamation claim, the jury specifically found that neither Trident nor its employees had made the statement that Reber was "NOT an employee of MTTB," and that the statement, had it in fact been made, did not constitute defamation. *Id.*

On November 13, 2013, Trident moved for a temporary stay of the action in this Court while it awaited the final judgment in the related Fairfax action following post-trial briefing. On November 22, 2013, this Court granted the stay as to Reber's state law claims pending the final judgment and expiration of the appeal in the Fairfax case. Trident subsequently moved for summary judgment on Reber's federal age discrimination claim. Prior to the hearing on the motion, the parties entered a Stipulation of Dismissal with Prejudice on that claim.

On January 29, 2014, the Fairfax County Circuit Court entered an Opinion and Order sanctioning MTTB and its counsel for pursuing baseless claims. Def.'s SJ Mot., Ex. C. On September 30, 2014, the Supreme Court of Virginia denied MTTB and Reber's petition for an appeal, and on January 15, 2014, it denied their petition for a re-hearing as well. Def.'s SJ Mot.,

Ex. D. With the judgment in the Fairfax action now final, Trident has filed the Motions to Lift the Stay and for Summary Judgment currently before the Court. Dkt. Nos. 36, 38.

## II. Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court has explained, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A dispute over an issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Finally, in making a summary judgment determination, the court must view the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## III. Analysis

Trident has moved for summary judgment pursuant to the doctrine of collateral estoppel, asserting that the judgment rendered in its favor in the Fairfax action precludes Reber from litigating his claims here. "The doctrine of collateral estoppel precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action." *Angstadt v. Atl. Mut. Ins. Co.*, 249 Va. 444, 446 (1995). Under both Virginia and Fourth Circuit law, for collateral estoppel to bar a subsequent action, the following conditions must be satisfied: "(1) the issue to

be precluded is identical to the issue already litigated; (2) the issue was actually determined in the prior proceeding; (3) the determination of the issue was essential to the decision in the prior proceeding; (4) the prior judgment was final and valid; and (5) the party against whom estoppel is asserted was a party to or in privity with a party in the prior action and had a full and fair opportunity to litigate the issue." *Londono-Rivera v. Virginia*, 155 F. Supp. 2d 551, 564–65 (E.D. Va. 2001) (citing *Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219 (4th Cir. 1998); *Nero v. Ferris*, 222 Va. 807, 812 (1981)). There must also be mutuality, meaning that the litigant "would have been bound had the litigation of the issue in the prior action reached the opposite result." *Angstadt*, 249 Va. at 446–47.

In this case, the first three requirements of collateral estoppel are easily met. All of the tort claims in both the Fairfax and the current action are identical in that they stem from the allegedly defamatory statement made by Trident that Reber was "NOT an employee of MTTB LLC" but rather was an employee of Trident. *Compare* MTTB Compl. ¶¶ 26, 33, 41–75, *with* Reber Compl. ¶¶ 36, 40, 45–53, 60–71. Because this essential dispositive issue was the same in both cases, the parties even agreed to use discovery and testimony from the Fairfax action for the action in this Court. Joint Disc. Plan ¶ 4. After a trial, the jury in the Fairfax action rendered a verdict in favor of Trident on all of MTTB's claims against it, specifically finding that the above statement had not in fact been made, and that even if it had, it did not constitute defamation. Def.'s SJ Mot, Ex. A. This finding was fatal not only to MTTB's defamation claim, but to its tortious interference and conspiracy claims predicated upon the allegedly defamatory statement as well. *See id.* Likewise here, Reber's claims that the alleged statement tortiously interfered with his "ability to earn a living," his "employment relationship contract" with MTTB, and "the

5

expectancy between Jacobs and MTTB, under which he was to perform a large portion of work" must also fail. Reber Compl. ¶¶ 60–71.

The requirements of finality and mutuality are also clearly met. Following the jury verdict and judgment in the Fairfax County Circuit Court, MTTB and Reber petitioned for an appeal before the Supreme Court of Virginia. The Supreme Court of Virginia denied both the petition as well as their petition for a re-hearing. The judgment in the Fairfax action is thus final for the purpose of the Court's collateral estoppel analysis. There is also mutuality because Trident—the party invoking collateral estoppel in this action—would also have been bound had MTTB prevailed on its claims in the Fairfax action, and therefore would be equally estopped from re-litigating the issues of that action here.

The only element of collateral estoppel truly at issue is whether the parties in the two actions are the same or in privity. Under both Fourth Circuit and Virginia precedent, the test for privity is "whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." *Londono-Rivera*, 155 F. Supp. 2d at 565 (citations omitted). "The concept of privity requires an alignment of interests and not an exact identity of parties." *Weinberger v. Tucker*, 510 F.3d 486, 492 (4th Cir. 2007). Notably, courts have held that employees or agents and their employers are in privity due to the nature of their relationship. *Lohr v. McCurdy*, 52 Va. Cir. 352 (2000); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of *res judicata*.").

Here, the evidence strongly supports the conclusion that privity exists between Reber, the plaintiff in this action, and his employer MTTB, the plaintiff in the Fairfax action. In the Fairfax action, MTTB brought several tort claims against Trident, the majority of which were premised upon Trident's allegedly defamatory statement that Reber was not an employee of MTTB. MTTB claimed to have suffered reputational injury and loss of a contract as a result of the statement. MTTB Compl. ¶¶ 25–26, 40 (Def.'s SJ Mot., Ex B). In this action, Reber claims to have suffered the same type of harm as a result of the same allegedly defamatory statement. Reber Compl. ¶¶ 31, 36–37, 40–42. The interests of Reber and MTTB are thus clearly aligned in that both of their claims depended on a finding that the allegedly defamatory statement caused them economic and reputational harm. Accordingly, representation of MTTB's interests in the Fairfax action also served to represent Reber's interests. *See Londono-Rivera*, 155 F. Supp. 2d at 565. The Court's conclusion that the parties are in privity is further bolstered by the fact that Reber's former counsel in this action also served as both Reber and MTTB's counsel in the Fairfax action.

Finally, the Court must address Reber's Motion for Leave to Amend the Complaint, which was filed at the eleventh hour—nearly a month after Trident filed its motion for summary judgment and just two days before the scheduled hearing. The amended complaint is essentially identical to the original complaint, except that the central defamatory statement has now been altered to allege that Trident told "Jacobs that Plaintiff had worked on Trident's proposal and then worked on MTTB's proposal as well." Am. Compl. ¶ 38. Regardless of whether this new allegation "accurately reflect[s] defamatory statements made by Defendant" on that occasion, this conversation has already been litigated. The Fairfax jury heard testimony from Reber as well as the employee at Jacobs who allegedly heard the statement. The jury was obviously not persuaded by Reber's version of the events, as reflected by their complete defense verdict for Trident on all of

MTTB's claims. Accordingly, because Reber has already had his day in court, the Court will not allow him another bite at the apple by granting him leave to amend his complaint. For the same reason, the Court will not force Trident to litigate the matter any further by remanding it back to the Fairfax County Circuit Court.

## IV. Conclusion

For the foregoing reasons, the principles of collateral estoppel preclude Reber from litigating his present claims in this Court. Defendants are thereby entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Defendant Trident Systems, Inc's Motion for Summary Judgment will thus be granted, as will its Motion to Lift the Stay. Pro se Plaintiff John Reber's Motions to Remand to State Court and to Amend the Complaint will be denied.

An appropriate Order shall issue.

March 17, 2015

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge